In re NAPLES.

(District Court, N. D. Ohio, E. D. December 19, 1905.)

PRISONS—FEDERAL PRISONERS IN STATE PRISONS—RIGHT OF OFFICERS TO PAROLE.

Under Rev. St. §§ 5539, 5544 [U. S. Comp. St. 1901, pp. 3720, 3721], which provide that persons convicted of offenses against the United States and who are imprisoned in the jail or penitentiary of any state or territory shall be exclusively under the control of the officers having charge of the same, in all respects subject to the same discipline and treatment as convicts sentenced by the courts of the state or territory and entitled to the same rule of credits for good behavior as other prisoners, a federal prisoner sentenced to imprisonment in a workhouse in Ohio may be paroled by the prison authorities, as authorized by Rev. St. Ohio 1892, § 2102.

TAYLER, District Judge. Joseph Naples, having been convicted of an offense against the revenue laws, was sentenced, on the 4th day of December, 1905, to imprisonment for 60 days in the workhouse of the city of Cleveland, Ohio. On the 18th day of December, notice was served on the judge who tried the cause, by the board of public service, stating that on December 20th an application would be heard for the parole of Naples under authority of the law of Ohio.

The important question therefore arises: Have the officials having charge of the Cleveland workhouse authority to parole a prisoner sentenced thereto by a United States judge? This question must be answered in the affirmative. Section 5539 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3720] provides that:

"Whenever any criminal convicted of any offense against the United States is imprisoned in the jail or penitentiary of any state or territory, such criminal shall in all respects be subject to the same discipline and treatment as convicts sentenced by the courts of the state or territory in which such jail or penitentiary is situated; and while so confined therein shall be exclusively under the control of the officers having charge of the same, under the laws of such state or territory."

Section 5544 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3721], provides that federal prisoners "shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary." Section 2102 of the Revised Statutes of Ohio of 1892, after authorizing the proper authorities to discharge, under certain circumstances, prisoners in a workhouse, further provides that such authorities shall have power—

"To establish rules and regulations under which, and to specify the conditions on which, any prisoner may be allowed to go upon parole outside of the buildings and enclosures, but to remain, while on parole, in the legal custody and under the control of said board, and subject at any time to be taken back within the inclosure of said institution," etc.

It is quite apparent, from these provisions of the federal statutes, that the rules respecting the matter of disciplining and restraining prisoners confined in city workhouses apply to federal prisoners. The "parole" of a prisoner, under section 2102, Rev. St. of Ohio 1892, is a method of "discipline and treatment." He remains, while on

"parole," in the custody of the workhouse officials. He is legally in the workhouse. When the United States government contracted to place prisoners in the Cleveland workhouse, it must have contemplated the methods of "discipline and treatment" in force in the workhouse under authority of the law of Ohio; and the court must be assumed to have contemplated the same methods of discipline and treatment, and that the custody which the workhouse authorities had of prisoners thereto sentenced included the custody which exists when the prisoner is paroled. If Congress does not desire federal prisoners to be thus subject to the same rules of discipline and treatment, including the kind of custody to which they are subject, as those to which other prioners are subject, its legislation can easily express that desire.

It follows that the board having authority to manage the Cleveland workhouse has power to parole Naples under the provisions of section 2102 of the Revised Statutes of Ohio of 1892.

It is due to the officials of the city of Cleveland having charge of the subject of paroling prisoners confined in the city workhouse to say that they accompanied the notice of the hearing of the application for Naples' parole, with the statement that the parole would not be granted unless it met with the approval of the United States officials.